AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States District Court
Southern District of Texas
FILED

NOV 15 2018

Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| 1) Bernardo OZUNA-Garcia (YOB: 1996, COB: Mexico) | ) ) ) | Case No. M-18-2357-M |
| 2) Miguel Angel Pena (YOB: 1992, COB: U.S.) *Defendant(s)* | ) ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of November 14, 2018 in the county of Hidalgo in the Southern District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1324(a)(1)(A)(ii) 8 U.S.C. § 1324(a)(1)(A)(v)(I) | Knowing or in reckless disregard of the fact that Arnold CASTRO-Santamaria (COB: Honduras) and Hugo INFANTE-Fierros (COB: Mexico), who were aliens, had come to, entered, or remains in the United States in violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law; to wit: transportation by vehicle near Edinburg, Texas. |

This criminal complaint is based on these facts:

SEE "ATTACHMENT A"

✓ Continued on the attached sheet.

approved by
AUSA KSP

_____
Complainant's signature

Jose Cervantes, HSI TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11/15/2018

_____
Judge's signature

City and state: McAllen, Texas

J. Scott Hacker, U.S. Magistrate Judge
*Printed name and title*

**ATTACHMENT A**

I, Jose G. Cervantes Jr., am a Task Force Officer (TFO) assigned to the United States Homeland Security Investigations (HSI), and have knowledge of the following facts:

1. On November 14, 2018, U.S. Border Patrol Agents conducted surveillance on human smugglers Bernardo OZUNA-Garcia and Miguel Angel PENA. PENA was driving a black Ford Fiesta. OZUNA-Garcia was driving a Silver Chevrolet Tahoe. Agents observed two male subjects enter the Ford Fiesta from Motel 6 located in Mission, Texas. PENA transported the two male subjects to Burger King on 23rd Street and Military Road in McAllen, Texas. The two male subjects walked into the Stripes convenience store next to Burger King. PENA then drove to a warehouse east of 23rd street and Military Road and parked. Agents, along with Hidalgo County Constable's Office Precinct 4, conducted a consensual approach on the two male subjects and determined that the two male subjects were illegally present in the Unites States. Agents then conducted a consensual approach on PENA and placed PENA under arrest. While agents were with PENA other agents at Stripes convenience store advised that OZUNA-Garcia had arrived at the same Stripes convenience store and parked. Agents, along with Hidalgo County Constable's Office Precinct 4, conducted a consensual approach on OZUNA-Garcia, determined OZUNA-Garcia was illegally present in the United States, and placed OZUNA-Garcia under arrest.

2. At the McAllen Border Patrol Station, PENA was read his Miranda Rights in his preferred language of Spanish. PENA waived his rights in writing and consented to speak with agents without an attorney present.

3. Post Miranda, PENA gave the following non-verbatim statement:

4. PENA stated that he was instructed by his cousin OZUNA-Garcia to transport two undocumented aliens (UDAs) at Motel 6 in Mission, Texas. PENA stated that he agreed to transport the UDAs and transported the UDAs from the Motel 6 in his Fiesta to Burger King on 23rd Street and Military Road in McAllen, Texas. PENA admitted to knowing the UDAs were illegally present in the United States. PENA positively identified OZUNA-Garcia as being his cousin who instructed him to transport the two male UDAs.

5. At the McAllen Border Patrol Station, OZUNA-Garcia was read his Miranda Rights in his preferred language of Spanish. OZUNA-Garcia waived his rights in writing and consented to speak with agents without an attorney present.

6. Post Miranda, OZUNA-Garcia gave the following non-verbatim statement:

7. OZUNA-Garcia admitted that he is a citizen and national of Mexico and that he is illegally present in the United States. OZUNA-Garcia denied any involvement in

human smuggling. OZUNA-Garcia stated he went to the Stripes convenience store to buy produce. OZUNA-Garcia stated PENA is his cousin.

8. OZUNA-Garcia positively identified PENA in a photo lineup.

9. At the McAllen Border Patrol Station, Hugo INFANTE-Fierros was read his Miranda Rights in his preferred language of Spanish. INFANTE-Fierros waived his rights in writing and consented to speak with agents without an attorney present.

10. Post Miranda, INFANTE-Fierros gave the following non-verbatim statement:

11. INFANTE-Fierros admitted that he is a citizen and national of the country of Mexico and that he is illegally present in the United States. INFANTE stated that he entered the U.S. on November 6, 2018. INFANTE stated that upon crossing the Rio Grande River, he was picked up and transported to a human stash house in Roma, Texas, where he stayed for one day before being transported to another human stash house in McAllen, Texas. INFANTE-Fierros stated he was picked up by PENA and was transported to Motel 6. INFANTE-Fierros said that PENA gave him money and instructed him to rent a motel room under his name. INFANTE-Fierros stated that he stayed at the motel for about six days. INFANTE-Fierros stated that PENA gave him his cellular telephone number for them to communicate. INFANTE-Fierros stated that on a daily basis, PENA would call him to exit the room and provided money to continue paying for the motel room. INFANTE-Fierros said PENA provided food on a daily basis. INFANTE-Fierros stated that PENA called him on November 14, 2018, and told him that he was going to transport him and the other UDA to a semi-tractor to be smuggled north. INFANTE-Fierros stated OZUNA-Garcia was with PENA on several occasions when PENA would drop off food at the motel.

12. INFANTE-Fierros positively identified PENA in a photo lineup. INFANTE-Fierros positively identified OZUNA-Garcia in a photo lineup.

13. At the McAllen Border Patrol Station, Arnold CASTRO-Santamaria was read his Miranda Rights in his preferred language of Spanish. CASTRO-Santamaria waived his rights in writing and consented to speak with agents without an attorney present.

14. Post Miranda, CASTRO-Santamaria gave the following non-verbatim statement:

15. CASTRO-Santamaria admitted that he is a citizen and national of the country of Honduras and that he is illegally present in the United States. CASTRO-Santamaria stated that he entered the U.S. on November 11, 2018. CASTRO-Santamaria stated that upon crossing the Rio Grande River, he was picked up by a male driving a black vehicle and was taken to motel. CASTRO-Santamaria stated that on November 14, 2018, INFANTE-Fierros received a call ordering them to exit to the Motel 6 to be transported to a semi-tractor to be smuggled north.

16. CASTRO-Santamaria said that PENA ordered him and INFANTE-Fierros to exit the vehicle and go inside the Burger King and pretend to buy food.

17. CASTRO-Santamaria positively identified PENA in a photo lineup